The opinion of the court was delivered by
Tirghman, C. J.
This is the case of a road from Buttonwood lane Ito Green street, being a continuation of Julianna street, in the township of the Northern Liberties in the county of Philadelphia. It has been brought before us by a certiorari, and several exceptions were taken to the proceedings, all of which were abandoned but one, viz, that neither in the report of the viewers, nor in the plot returned with it, was there any reference to the improvements through which the road passes. The proceedings were under the act of assembly of the 3d of April, 1804, a supplement to the general road law of the 6th of April, 1802,4 Sm. L. 198. By this act it is ordered, that together with the report of the viewers, shall be returned a plot or draught of the road and the eourses, distances, and reference to the improvements through which it passes. A reference to the improvements is a matter of importance, because without it the court eannot judge of the propriety of laying out the road. It may be a useful road, and yet the injury done to the individuals through whose grounds it passes may be so great, and the probable damages to be paid by the public so high, that upon the whole it may be inexpedient to open it. It was decided by this court in the case of the road in Aston township, (4 Yeates, 372,) that if it does not appear to the court, that the road passes through improved lands, they will not presume it. But in the present case it does appear, certain improvements, (houses, &e.) being mentioned, and the damage which will be sustained by the owner having been ascertained, as directed by the act of assembly.' But it has been argued by the counsel who support the proceedings in this case, that the part of the act of assembly which orders a reference to be made to the improvements, is but directory and not imperative, and it is true that in the before mentioned case of the road in Aston township, as reported in. 4 Yeates, it was said by the court to be matter of doubt, whether the act be in this respect, imperative. I think, however, that since that case, it has not been considered as a doubtful point — it has several times occurred, and the law has been considered as mandatory. In the case of the Schuylkill Falls road, 2 Binn. 250, and the Rutherford road, 10 Serg. & Rawle, 120, the court had a fair opportunity of expressing their sentiments, and ought to have expressed them, if they had been of opinion that it was not *447 necessary to make a reference to improvements — but not the slightest intimation fell from them, that this part of the act was merely directory. From this circumstance therefore, as well as from my general recollection of the opinions of my brethren when this point has occurred, I am led to the conclusion, that it has been considered as settled, that the want of reference to improvements, both in the report of the viewers, and the draught annexed to it, is a fatal defect, though a reference either in one or the other of them, might be sufficient. I am of opinion therefore, that the proceedings in this casé should be quashed.
Proceedings quashed.